Dear Mr. Ponder:
This office is in receipt of your request for an opinion of the Attorney General in regard to proposed amendments for the City of Baton Rouge-Parish of East Baton Rouge Plan of Government. You ask whether there are any legal impediments to an amendment to limit the number of terms for commission members on the Metropolitan Airport Commission, Baton Rouge Recreation and Parks Commission, and the Planning Commission. Also, whether there is any legal obstacle to amending the Plan of Government to require that all City-Parish regulated tax elections be held only in the fall.
In Title 33, Municipalities and Parishes, Part IV, Physical Development of Parishes and Municipalities, Subpart A, is Planning Commissions. R.S. 33:102 sets forth grants of powers to Parishes and Municipalities, and 33:103 is entitled, Planning commission, membership, appointments. Paragraph F of the latter statute provides where a parish or municipality has adopted a charter for local self-government or other home rule charter providing for the function of a planning commissioner "the provisions of this subpart concerning membership, appointment, organization, and structure shall not be applicable".
Therefore, we would conclude there is no statutory authority that would be applicable so as to be an obstacle to an amendment of the City of Baton Rouge-Parish of East Baton Rouge Plan of Government to limit the number of terms for commission members of the Planning Commission.
The Recreation and Parks Commission for the parish of East Baton Rouge is created under R.S. 33:4570 by the legislature, and the composition of the Board is set forth in R.S. 33:4570.1 as consisting of three ex officio members, the mayor, a school board member and a member of the planning commission, and six qualified voters appointed by the council for three years. The ex officio members cannot be limited in their terms since their appointment is provided for by statute without such restriction. The remaining six members are appointed for three year terms by appointment of the counsel, and we find no conflict with the statute if the appointing authority restricts their appointments by limiting the terms of the commissioners.
In regard to the Metropolitan Airport Commission, we find in Hairv. City of Baton Rouge, 297 So.2d 451 (La.App. 1974), that the court observed that the old Baton Rouge Airport Commission, predecessor of the then existing Greater Baton Rouge Airport Commission, was created by an ordinance of the East Baton Rouge Parish Council in 1949, three years before the Airport Authorities Law was passed. Accordingly, the court held the Commission was not an "authority" under the Airport Authorities Law, R.S. 2:601 et seq.
We find the Greater Baton Rouge Airport Commission, having the name since changed to Metropolitan Airport Commission, was created by the Parish Council in 1970 pursuant to Act 151 of 1969 as a "airport district", and the act provided that the Board of Commissioners be composed of nine members with terms of office as designated by the Authority which is defined as the Parish Council. That was subsequently amended by legislative act for a twelve member board by Act 804 of 1982. This added the representative from the district where the airport is located and the representative immediately adjacent thereto, and the senator from the airport district as ex officio members with the same voting rights.
This differs from the membership provided by statute for Airport Districts, R.S. 2:324 et seq., as detailed in Atty. Gen. Op. No. 88-90. Therein it was noted that the board of commissioners for airport districts shall be appointed for a term of two years from the date they assume their duties and "shall serve at the will of the governing bodies", R.S. 2:321.
This Commission was by special legislative act, and we find that there is no statutory obstacle if the appointing authority limits number of terms for the nine Airport Commissioners that they appoint. However, the remaining three designated by the legislature must serve on the Board of commissioners as long as they serve as representatives and senator of the designated area.
Therefore, in summary we would conclude there is no obstacle to the amendment of the Plan of Government to limit the number of terms for commission members on the Metropolitan Airport Commission, Baton Rouge Recreation and Parks Commission, and the Planning Commission that are selected by the governing authority.
You also inquire whether there is any legal obstacle to amending the Plan of Government to require that all City-Parish regulated tax elections be held only in the fall. R.S. 18:402 provides times for elections and sets forth in Paragraph (F) the only dates upon which "bond, tax or other election at which a proposition or question is to be submitted to the voters shall be held." Those dates applicable to fall are included in the following paragraphs of Section (F):
 (1) The second to last Saturday in October or the fourth Saturday after the second to last Saturday in October of 1983 and every fourth year thereafter.
 (2) The first Saturday in October of the first Tuesday after the first Monday in November of even numbered years.
 (4) The third Saturday in October or the fourth Saturday after the third Saturday in October of 1985 and every fourth year thereafter.
Paragraph (7) of R.S. 18:402(F) provides for an election date, "In case of an emergency, upon application to and approval by the State." Obviously, this would not be applicable to your question of setting a regular time in the Plan of Government for tax elections.
Therefore, we would conclude a fall date consistent with this general law could be established as the only date for a City-Parish tax elections. However, it would be appropriate to include a provision as set forth in the general law for cases of emergencies.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR